{¶ 34} I concur in the majority decision. I write separately only to confess my lack of understanding as to how the marital portion of a pension plan in payout status is to be divided.
 {¶ 35} I agree with the majority the value of the marital portion of the pension must be ascertainable in the record. Once the value is determined, the marital portion of the pension should be divided equally unless it would be inequitable to do so. It seems necessary to access a present day value to the marital portion of the pension. However, when the pension is in pay out status, some trial courts have ordered a definitive amount of the benefit be paid to the non-participating spouse on a regular periodic schedule without specifying an end date. Such appears to be the case presented herein.
 {¶ 36} Under such circumstances, should appellant die before receiving her portion of the first pension payment or after only receiving a few payments, is appellant's estate entitled to continue to collect her portion of the pension payments? If so, for how long? If appellee should die, is appellant entitled to any survivorship benefits? Conversely, if appellant is so entitled, how long do such benefits continue?
 {¶ 37} To illustrate my concern, I offer the following hypothetical. Assume the marital portion of the participant's pension is determined to have a present day value of $200,000 and, if divided equally, the non-participant is to receive $100,000 as his or her share of that marital asset. Further assume the trial court orders the non-participant to receive $5,000/month from the participant's monthly pension. If the non-participant dies after only receiving two monthly payments of $5,000 and no provision is made with respect to his or her right to receive additional payments after his or her death, he or she would have effectively received only 10% of his or her marital portion of the pension. Conversely, if he or she continues to receive payments for 40 months, he or she would effectively receive double his or her marital portion of the pension (excluding interest variables). It seems incumbent upon remand, the trial court not only determine the present day value of the marital portion of the pension, but also provide instruction as to how long payments should continue and how to protect appellant's share of this marital asset in the event appellee's pension benefits should terminate prematurely.